# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

CHARLES E. DUNCAN,

                Petitioner,             :   Case No. 3:17-cv-430

      - vs -                        District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

MARK HOOKS, Warden,
  Ross Correctional Institution
                               :
                Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner Charles E. Duncan brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Clark County Court of Common Pleas on one count of murder with a firearm specification and sentence to life imprisonment with parole eligibility at fifteen years. (Petition, ECF No. 3, PageID 22).

Duncan previously filed for habeas corpus relief from this same conviction in *Duncan v. Warden*, Case No. 3:09-cv-078. In that case, Duncan pleaded three grounds for relief:

> **Ground One:** Petitioner is being held in violation of his Fifth Amendment right to counsel.
>
> **Ground Two:** Petitioner is being held in violation of the Self-Incrimination Clause of the Fifth Amendment.
>
> **Ground Three:** Petitioner is being held in violation of the Due Process Clause of the Fifth and Fourteenth Amendments

(Case No. 3:09-cv-078, Petition, ECF No. 2).

As to the first two grounds, the Magistrate Judge found they were decided on the merits by the Second District Court of Appeals and that that decision was not an objectively unreasonable application of clearly established Supreme Court precedent (Case No. 3:09-cv-078, Report and Recommendations, ECF No. 19, PageID 1066, citing *State v. Duncan*, 2007 WL 2285087 (2nd Dist. Aug. 3, 2007). The Third Ground for Relief, conviction on insufficient evidence, was also rejected by the Second District and the Magistrate Judge found that was a reasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979), the relevant Supreme Court precedent. *Id.* Judge Rice adopted the Report over Duncan's objections (Case No. 3:09-cv-078, Decision and Order, ECF No. 25). The Sixth Circuit Court of Appeals affirmed. *Duncan v. Warden,* Case No. 10-3468 (6th Cir. July 6, 2012)(unreported; copy at Case No. 3:09-cv-078, ECF No. 31. The United States Supreme Court denied certiorari April 28, 2014 (Case No. 3:09-cv-078, Copy at ECF No. 34).

In the instant Petition, Duncan pleads as his two grounds for relief the first two grounds pleaded in the prior Petition. He asserts that the instant Petition is not barred by the second-or-successive requirements of 28 U.S.C. § 2244(b) because he is challenging a new judgment of conviction entered on October 27, 2016 (copy attached to ECF No. 3 at PageID 28). As authority he relies on *In re Stansell*, 828 F.3d 412 (6th Cir. 2016), and *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015). In *King* the Sixth Circuit held a full resentencing allows a petitioner to "challenge his undisturbed conviction without triggering the 'second or successive' requirements." *King* was extended to Ohio's reopening of a petitioner's sentence merely to enter post-release control. *In re Stansell*, 828 F.3d 412 (6th Cir. 2016).

A federal district court presented with a second-in-time habeas corpus petition must determine in the first instance whether it is a second-or-successive petition. *In re: Kenneth Smith*,

690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). A district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). If a District Court concludes a petition is second-or-successive, it must transfer the case to the circuit court. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

The Judgment Entry from which Duncan seeks relief was entered October 27, 2016 (ECF No. 3, PageID 28). Duncan appealed from that judgment to the Second District Court of Appeals. The amended judgment had resulted from a motion to vacate a void judgment, but on appeal the Second District held the amended judgment was itself void because the trial judge had exceeded his sentencing authority. This rendered the sentence void. *State v. Duncan*, 2017-Ohio-8103, 2017 Ohio App. LEXIS 4456 (2nd Dist. Oct. 6, 2017). The Second District therefore remanded the case for resentencing. *Id.*

Thus it appears to the Magistrate Judge that the judgment from which Duncan seeks relief is not a final judgment and has already been vacated by the Court of Appeals. Under *King* and *Stansell*, the petition is not second-or-successive because the judgment complained of was entered upon a remand for resentencing. But this Court cannot consider whether to grant habeas relief because the conviction is not yet shown to be final.

Accordingly, the Magistrate Judge recommends that the Petition be dismissed because Duncan has not yet exhausted his available state court remedies, to wit, direct appeal from whatever sentence is or will be entered on the Second District's most recent remand. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

3

If Mr. Duncan has in fact exhausted his state court remedies since he filed in this Court (December 21, 2017), he can furnish proof that the case is final and the Magistrate Judge will withdraw this Report and proceed to adjudicate the case.

February 22, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge