# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES E. DUNCAN,

                Petitioner,      :      Case No. 3:17-cv-430

    - vs -                              District Judge Walter Herbert Rice
                                        Magistrate Judge Michael R. Merz

MARK HOOKS, Warden,
  Ross Correctional Institution

                              :

                Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner Charles E. Duncan's Objections (ECF No. 5) to the Magistrate Judge's Report and Recommendations which recommended dismissing this action without prejudice pending Duncan's exhaustion of state court remedies (ECF No. 4). Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 6).

The Report noted that Duncan was seeking relief from his conviction in the Clark County Common Pleas Court on one count of murder with a firearm specification and a consequent sentence of life imprisonment (ECF No. 4, PageID 29). He had previously sought habeas relief from that conviction in this Court's Case No. 3:09-cv-078. That Petition was unsuccessful, the United States Supreme Court having denied certiorari April 28, 2014.

The instant Petition pleads as its two grounds for relief the first two grounds pleaded in the prior case. Nevertheless, the Magistrate Judge tentatively agreed with Duncan that the instant Petition was not second or successive so as to require permission to proceed from the

1

circuit court under 28 U.S.C. § 2244(b) because there had been a new judgment entered in Duncan's case on October 27, 2016 (ECF No. 3, PageID 28). The Report also noted, however, that the judgment collaterally attacked in this case had already been vacated by the Second District Court of Appeals in *State v. Duncan,* 2017-Ohio-8103, 2017 Ohio App. LEXIS 4456 (2nd Dist. Oct. 6, 2017). Therefore, the Magistrate Judge reasoned, there was no new final judgment of the Clark County Court on which Duncan was being held and recommended the Petition be dismissed without prejudice until Duncan had exhausted state court remedies with respect to whatever new judgment the Common Pleas Court might enter (Report, ECF No. 4, PageID 31).

Duncan objects that this Court has jurisdiction to entertain his Petition because he is in custody pursuant to a judgment of a state court (Objections, ECF No. 5, PageID 34, citing *Burton v. Stewart*, 549 U.S. 147 (2007). Actually, however, Duncan is not in custody pursuant to a judgment because the last judgment on which he was confined (October 27, 2016) has been vacated. It is more accurate to say that he is in custody awaiting re-sentencing, analogous to a prisoner convicted at trial who has not yet been sentenced for the first time.

Respecting the Magistrate Judge's exhaustion analysis, Duncan objects that the exhaustion doctrine only requires a petitioner to give the state courts one full opportunity to resolve any constitutional issues with a judgment "by invoking *one complete* round of the state's established appellate review process." (Objections, ECF No. 5, quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)(emphasis added), and *Elmore v. Foltz*, 768 F.2d 773, 776 (6th Cir. 1985). On the claims he makes here, repeated from his first habeas case, Duncan says he has already given the state court's their one full round of appellate review and need not repeat the process. He further asserts he cannot re-litigate these claims in the Ohio courts (Objections, ECF No. 5, PageID 34, citing *State v. Fischer*, 128 Ohio St. 3d 92 (2009)).

2

In *Boerckel*, the Supreme Court held that the exhaustion doctrine required presenting a claim to a state supreme court even if review in that court was discretionary. *Foltz* held a Michigan prisoner had satisfied the exhaustion requirement by moving in the court of appeals to remand and asking the Michigan Supreme Court by letter request to review his case. Neither case discusses Duncan's situation, to wit, seeking direct appellate review in Ohio from a new judgment of conviction and sentence after appellate remand.

Duncan's claim that he cannot obtain appellate review of his impending new judgment because of *Fischer* is essentially an argument that the state court remedies of non-discretionary intermediate appellate review and discretionary Ohio Supreme Court review are not state court remedies available to him for the claims he makes here. In *Fischer* the Ohio Supreme Court held that a failure to impose post-release control in a felony case when mandated by the General Assembly results in a judgment that is void as to the post-release control term "and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at ¶ 1. However, "*res judicata* still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.*

In *State v. Duncan, supra*, the Second District Court of Appeals applied the principles from *Fischer* and found that portion of Duncan's sentence which imposed a term of imprisonment not authorized by statute to be void. The sentence required by the General Assembly for Duncan's offense of conviction for violation of Ohio Revised Code § 2903.02 is imprisonment for "an indefinite term of fifteen years to life" whereas Common Pleas Judge Rastatter had sentenced Duncan to imprisonment "for life with the possibility of parole." *Id.* at ¶ 7. "The trial court converted an indefinite sentence required by statute into a *de facto* definite sentence. Thus, we conclude that the trial court exceeded its authority in sentencing, rendering

3

void the sentence imposed." *Id.* at ¶ 14. Neither party appealed from this decision to the Ohio Supreme Court and the docket of the case in Common Pleas Court shows that Duncan is awaiting imposition of the sentence essentially dictated by the Second District.

Although Duncan's most recent sentence was not vacated for reasons having to do with post-release control, the Second District's decision appears to this Court to bring this case squarely within the res judicata analysis of *Fischer*. Therefore, if on eventual appeal from the impending sentence Duncan were to attempt to re-litigate the claims he makes here, he would be barred by res judicata.

28 U.S.C. § 2254(b) and (c) are the codification of the exhaustion doctrine enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). They provide:

> (b)
> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)
> (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of

4

this section, if he has the right under the law of the State to raise,
by any available procedure, the question presented.

Because both the Second District and the Ohio Supreme Court would refuse to consider the merits of Duncan's two Grounds for Relief herein, the Magistrate Judge concludes that there is no available state court corrective process, that is, no state court forum in which Duncan can obtain review of these claims on the merits. It would be an exercise in futility to require Duncan to obtain a res judicata ruling from either of those courts when such a ruling is plainly presaged by *Fischer*. Neither pre- nor post-AEDPA exhaustion jurisprudence in the Sixth Circuit suggests requiring Duncan to engage in the vain act of attempting an appeal on those portions of his impending judgment which will be unchanged.

Duncan urges this Court, once it has reached that conclusion, to issue an order to the State to answer his Petition (Objections, ECF No. 5, PageID 5). However, before taking that step, the Magistrate Judge must complete initial review under Rule 4 of the Rules Governing § 2254 Proceedings. That rule provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

> **Ground One:** Petitioner is being held in violation of his right to counsel guaranteed by Fifth and 14th Amendments to the United States Constitution.
>
> **Ground Two:** Petitioner is being held in violation of his right against self-incrimination guaranteed by Fifth and 14th Amendments to the United States Constitution.

(Petition, ECF No. 3, PageID 24-25.) As noted in the Report, these are the same two grounds for relief pleaded as the first and second grounds for relief in Duncan's first habeas case in this

Court, Case No. 3:09-cv-078. As to those two Grounds, the Magistrate Judge found in the prior case that they had been decided on the merits by the Second District Court of Appeals (Case No. 3:09-cv-078, Report and Recommendations, ECF No. 19, PageID 1066, citing *State v. Duncan*, 2007 WL 2285087 (2nd Dist. Aug. 3, 2007). The Magistrate Judge concluded in the prior case that that decision of the Second District was not an objectively unreasonable application of clearly established Supreme Court precedent and was therefore entitled to deference under 28 U.S.C. § 2254(d)(1). *Id.* Judge Rice adopted the Report over Duncan's objections (Case No. 3:09-cv-078, Decision and Order, ECF No. 25), and the Sixth Circuit Court of Appeals affirmed, *Duncan v. Warden,* Case No. 10- 3468 (6th Cir. July 6, 2012)(unreported; copy at Case No. 3:09-cv-078, ECF No. 31). The United States Supreme Court denied certiorari April 28, 2014 (Case No. 3:09-cv-078, Copy at ECF No. 34).

Technically, res judicata does not apply in federal habeas corpus. See *McCleskey v. Zant*, 499 U.S. 467, 479-85 (1991) (explaining that the "abuse of the writ" doctrine arose because, "[A]t common law, res judicata did not attach to a court's denial of habeas relief. '[A] refusal to discharge on one writ [was] not a bar to the issuance of a new writ.'" (citation omitted)). Before adoption of the AEDPA, the abuse of the writ doctrine was codified in Rule 9(b) and provided:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

That version of Rule 9 has been replaced by a new version which puts into the Rule the statutory requirement for circuit court permission for a second or successive habeas application. As noted above, that requirement need not be met here because Duncan's Petition is not second-or-successive under current Sixth Circuit case law.

Even though res judicata does not prohibit revisiting the merits of Duncan's Grounds for

6

Relief, the doctrine of stare decisis dictates the results. In the prior case, this Court granted Duncan a certificate of appealability on the two grounds he raises here again. Thus he received a decision on the merits of those claims both from this Court and from the Sixth Circuit, which squarely rejected the claims. *Duncan v. Warden, supra*. Habeas corpus is a backward-looking remedy. *Ryan v. Gonzales*, 568 U.S. 57, 68 (2013); *Greene v. Fisher*, 565 U.S. 34, 38 (2013), quoting *Cullen v. Pinholster*, 563 U.S. 170 (2011). Our perspective is to review the state court decision and determine if it was objectively reasonable at the point in time in the past when it was issued. Nothing has changed to make the Second District's decision in this case less objectively reasonable than it was when this Court and the Sixth Circuit reviewed it before. In particular, there have been no decisions of the Supreme Court changing the applicable law and declared to be applicable to cases on collateral review.

On the basis of this Court's prior denial of relief on the merits and the doctrine of stare decisis, the instant Petition should be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 14, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).