IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES E. DUNCAN,

    Petitioner,

v.

TIMOTHY SHOOP, Warden,
Chillicothe Correctional
Institution,

    Respondent.

:
:
:
:
:

Case No. 3:17-cv-430

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #4), SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #8), AND SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #12); SUSTAINING IN PART AND OVERRULING IN PART PETITIONER'S OBJECTIONS THERETO (DOCS. ##5, 10, 13); OVERRULING PETITIONER'S OBJECTION TO NOTATION ORDER DENYING PETITIONER'S MOTION FOR ORDER DIRECTING RESPONDENT TO FILE RETURN OF WRIT OR OTHER RESPONSIVE PLEADING (DOC. #16); DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (DOC. #3) WITH PREJUDICE; DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

---

This matter is currently before the Court on Petitioner's Objections, Docs. ##5, 10, 13, to United States Magistrate Judge Michael R. Merz's Report and Recommendations, Doc. #4, Supplemental Report and Recommendations, Doc. #8, and Second Supplemental Report and Recommendations, Doc. #12. The district

court must review *de novo* any part of the Reports and Recommendations that have been properly objected to. Fed. R. Civ. P. 72(b)(3).

Also before the Court is Petitioner's Objection to Magistrate Judge Merz's April 22, 2019, Notation Order denying his Motion for Order Directing Respondent to File Return of Writ or Other Responsive Pleading, Doc. #16.

**A.**

On May 6, 2006, Petitioner Charles Duncan shot his live-in girlfriend. He was taken into custody that same night. He unequivocally invoked his right to counsel and was placed in a holding cell. Four hours later, detectives told him that his girlfriend had died of the gunshot wound. Shortly thereafter, Petitioner told detectives that he wanted to make a statement. He signed a written waiver of his *Miranda* rights. He again told detectives that he wanted an attorney, but then told them that he wanted to go ahead and make a statement. He then told them that he had accidentally shot his girlfriend. *State v. Duncan*, 2d Dist. No. 2006 CA 109, 2007 WL 2285087, at ¶¶2-4.

The trial court denied his motion to suppress this statement. It found that he had initiated the second interview and waived his *Miranda* rights. Thereafter, he did not unequivocally invoke his right to counsel prior to confessing that he shot his girlfriend. *Id.* at ¶13. During the tape-recorded interview, Petitioner said, "I want to tell you guys exactly what happened." *Id.* at ¶ 20. After being reminded that he had earlier requested an attorney, he said, "I want a lawyer first, but I want to make a statement. Well, never mind. There ain't nothing going to help

2

me now." *Id.* at ¶ 24. Thereafter, he again said "I want to make a statement." *Id.* at ¶ 32. He then confessed to pulling the trigger. *Id.* at ¶ 36.

Petitioner was convicted of felony murder. He was sentenced to life imprisonment with parole eligibility at fifteen years, with a one-year consecutive sentence on the gun specification. On direct appeal, the Second District Court of Appeals found that the trial court's factual finding, that Petitioner had initiated the subsequent interview, was supported by the record. *Id.* at ¶16. The appellate court also found that Petitioner's statement was knowing and voluntary. *Id.* at ¶17. It rejected his claim that he again unequivocally stated his desire for an attorney prior to making his statement. *Id.* at ¶ 18.

Petitioner filed his first petition for habeas relief in 2009, *Duncan v. Warden*, Case No. 3:09-cv-78, pleading three grounds for relief. He argued that he was being held in violation of his Fifth Amendment right to counsel, in violation of the Self-Incrimination Clause of the Fifth Amendment, and in violation of the Due Process Clauses of the Fifth and Fourteenth Amendment. The Court denied his petition, the Sixth Circuit Court of Appeals affirmed, and the United States Supreme Court denied certiorari.

In October of 2017, however, the state court issued a new Judgment Entry. On a motion to vacate the sentence, Petitioner argued that because he had been convicted of an unclassified felony, he was not subject to post-release control. The trial court agreed. The amended judgment acknowledged that he was not subject to post-release control or costs, but stated that the previous sentence

3

would otherwise remain in effect. On appeal, Petitioner argued that a term of "life imprisonment with the possibility of parole after fifteen years" was contrary to law; Ohio Revised Code § 2929.02(B)(1) requires imprisonment of "an indefinite term of fifteen years to life." The appellate court held that the amended judgment was void because the trial judge had exceeded his sentencing authority. It therefore remanded the case for resentencing. *State v. Duncan*, 2017-Ohio-8103, 2017 WL 4464365 (2d Dist. Oct. 6, 2017).

Petitioner then filed his second habeas petition, again arguing that he was being held in violation of his Fifth Amendment right to counsel, and in violation of the Self-Incrimination Clause of the Fifth Amendment. Magistrate Judge Merz found that, because Petitioner was challenging a new judgment, the petition was not a second-or-successive petition. Nevertheless, because the new judgment on which Petitioner sought relief had been vacated, and because Petitioner had not yet been resentenced and the conviction was not yet final, Magistrate Judge Merz initially recommended that the Court dismiss the petition for failure to exhaust available state remedies. Doc. #4.

Petitioner objected, arguing that, because he was in custody pursuant to that state court judgment, the Court had jurisdiction over the petition, and that he had exhausted his state remedies in that the same claims raised in the petition were fully adjudicated in 2006 and 2007 in state court and cannot be relitigated there. Doc. #5. The Court recommitted the case to the Magistrate Judge.

4

In his Supplemental Report and Recommendations, Doc. #8, Magistrate Judge Merz found that Petitioner was not "in custody" pursuant to a valid state court judgment, but was akin to being in custody awaiting resentencing. He nevertheless agreed that, if Petitioner attempted to relitigate in state court the claims asserted in the petition, they would be barred by *res judicata*. Accordingly, requiring Petitioner to exhaust state remedies would be futile.

Magistrate Judge Merz therefore proceeded to complete his initial review of the petition under Rule 4 of the Federal Rules Governing § 2254 Cases. He noted that the two grounds asserted had already been rejected on the merits in the previous habeas action. He acknowledged that the doctrine of *res judicata* does not apply to habeas cases, but concluded that "the doctrine of *stare decisis* dictates the results." Doc. #8, PageID#45. He found that "[n]othing has changed to make the Second District's decision in this case less objectively reasonable than it was when this Court and the Sixth Circuit reviewed it before." He therefore again recommended dismissing the petition with prejudice. *Id.*

Petitioner filed four Objections to the Supplemental Report and Recommendations, Doc. #10. First, he argued that Respondent should be required to answer, and that the Court should consider the entire state court record to determine whether his second request for counsel was ambiguous. He asks the Court to compare the transcript of his custodial interrogation, which he now alleges is inaccurate, to the videotape of it. Second, he argued that, under *Burton*

5

*v. Stewart*, 549 U.S. 147 (2007), the Court has jurisdiction to entertain a habeas petition for an individual awaiting resentencing.

Third, Petitioner objected to Magistrate Judge Merz's conclusion that the result was dictated by the doctrine of *stare decisis*. Citing *King v. Morgan*, 807 F.3d 154, 159-60 (6th Cir. 2015), he argues that the doctrines of *res judicata, stare decisis* and the "law of the case" do not apply in habeas cases. He again argues that the state court's adjudication of his claimed constitutional violations was contrary to, and an unreasonable application of, clearly established Supreme Court precedent as set forth in *Miranda v. Arizona*, 384 U.S. 436 (1966). He maintains that the unconstitutional interrogation, when viewed in light of the otherwise weak evidence against him, had a substantial and injurious effect on the verdict. Finally, Petitioner objected to Magistrate Judge Merz's conclusion that, because reasonable jurists could not disagree, a certificate of appealability was not warranted.

The Court again recommitted the case to the Magistrate Judge, who addressed Petitioner's Objections in his Second Supplemental Report and Recommendations, Doc. #12. With respect to Petitioner's claim that the transcript of the custodial interrogation is inaccurate, he noted that the state trial judge had the videotape available at the suppression hearing and nevertheless concluded that, after signing his *Miranda* waiver, Petitioner had not unambiguously requested counsel prior to making his statement. He further noted that findings of fact by the state courts are presumed to be correct. Moreover, given that Petitioner had

not argued in his state court appeal that the transcription was inaccurate, he forfeited the opportunity to have the record corrected. *Id.* at PageID##63-66.

With respect to Petitioner's second objection, Magistrate Judge Merz clarified that he did not intend to imply that an individual in custody awaiting sentencing is not sufficiently in custody to invoke habeas corpus jurisdiction. *Id.* at PageID##66-67.

With respect to Petitioner's third objection, Magistrate Judge Merz noted that none of the cases cited by Petitioner addresses the question of whether the doctrine of *stare decisis* applies to habeas cases. He noted that the state courts and the federal courts have already considered, and rejected, the same claims asserted in the habeas petition. Absent an intervening change in the governing law or proof that the courts made a serious mistake, there is no basis to revisit those decisions. *Id.* at PageID##68-70.

With respect to Petitioner's fourth objection, Magistrate Judge Merz noted that Petitioner had not articulated any basis for his belief that reasonable jurists could reach a different conclusion. He therefore again recommended dismissing the petition with prejudice. *Id.* at PageID#70.

Petitioner then filed timely Objections to the Second Supplemental Report and Recommendations, Doc. #13. He contends that his petition survives an initial review. He first argues that, even if he has not previously challenged the accuracy of the transcript of the custodial interrogation, nothing prevents this Court from viewing the videotape since it is also part of the record. While this may be true,

7

the Court does not reach the merits of Petitioner's claims unless he first survives the initial review process. Because the Court agrees with Magistrate Judge Merz that Petitioner cannot do so, the Court overrules this Objection as moot.

Petitioner next argues that Magistrate Judge Merz's reliance on the doctrine of *stare decisis* is misplaced, because that doctrine applies to general principles of law. In contrast, the law-of-the-case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the *same issues in subsequent stages in the same case.*" *Pepper v. United States*, 562 U.S. 476, 506 (2011) (emphasis added) (quotation omitted). According to Petitioner, Magistrate Judge Merz's argument, that state and federal courts have already rejected Petitioner's claims on the merits, is more akin to a law-of-the-case argument, and that particular doctrine does not apply to habeas cases involving intervening judgments. *King*, 807 F.3d at 160. Petitioner therefore argues that this Court is not bound by the decisions reached in connection with his first habeas petition.

The Court overrules this Objection in part and sustains it in part. The Court agrees with Petitioner that, because of the intervening judgment, it is not technically bound by decisions reached in connection with the first habeas petition. "[T]he existence of a new judgment permits a new application to attack the sentence, the conviction, or both." *King*, 807 F.3d at 158. The law-of-the-case doctrine does not apply.

8

At the end of the day, however, the result is the same. If the federal court "previously addressed the merits of the claim," it will not take long to reanalyze those same legal issues. *Id.* at 160. As Magistrate Judge Merz correctly noted, the state and federal courts have already considered, and rejected, the same claims asserted in the habeas petition. Absent an intervening change in the governing law or proof that the courts made a serious mistake, the point is that there is simply no basis to reach a different result on reconsideration.

Petitioner's next Objection concerns two misquotes, in the Second Supplemental Report and Recommendations, of a statement made by Detective Estep, who obtained the incriminating statement after Petitioner had requested counsel. Magistrate Judge Merz twice wrote that Estep said "But you're – you've already messed us all up again. You said you wanted a lawyer anymore. I —I don't *know* what you want." (emphasis added). Doc. #12, PageID##65, 69. According to the state court, what Estep actually said was, "I – I don't *want* what you want." *State v. Duncan*, 2007-Ohio-4079, at ¶29 (emphasis added). Petitioner argues that, had Magistrate Judge Merz considered Estep's *actual* statement, it would be clear that Detective Estep did not care that Petitioner wanted an attorney. Estep wanted a statement and violated Petitioner's *Miranda* rights to get one.

Although it appears that Magistrate Judge Merz did twice misquote the record, this does not affect the outcome in this case. The first time that Estep's statement is misquoted, Magistrate Judge Merz was addressing Petitioner's claim

that the transcript of the suppression hearing was inaccurate, not as to the *substance* of that statement, but only as to the punctuation. Doc. #12, PageID##65-66. The second time Estep's statement is misquoted, Magistrate Judge Merz was rejecting Petitioner's claim that that neither this Court nor the Sixth Circuit had addressed Detective Estep's statement concerning Petitioner's request for counsel.

The Second District, having reviewed the entire colloquy between Estep and Petitioner, nevertheless concluded that Petitioner "did not unequivocally manifest a desire to have an attorney present prior to making the statements." *Duncan*, 2007-Ohio-4079, at ¶ 37. It also concluded that Petitioner had initiated the subsequent interview. *Id.* at ¶ 16. As Magistrate Judge Merz noted, the state court's factual findings about what transpired between Estep and Petitioner are entitled to a presumption of correctness, rebuttable only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Moreover, in connection with the first habeas petition, this Court previously held that the Second District's opinion was not an objectively unreasonable application of clearly established Supreme Court precedent as set forth in *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981) (holding that once an accused has requested counsel, he cannot be subjected to further interrogation unless he himself initiates further communication with the police). *Duncan v. Warden*, No. 3:09-cv-78, Doc. #25, PageID##1111-12. This decision was affirmed by the Sixth Circuit on appeal. Although Petitioner's Objections reference the misquoting

10

of Estep's comments, the misquotes in the Second Supplemental Report and Recommendations do nothing to change this result.

Petitioner complains that Magistrate Judge Merz failed to address the fact that, after his first request for counsel, he did not initiate further communication with the detectives. He contends that it was the detectives who initiated further communication with him, when they came back to the holding cell to tell him that his girlfriend had died. The relevant question, however, is not whether they spoke to him at all, but whether they subjected him to further interrogation. There is no evidence that they attempted to *question* him further before he told them that he wanted to make a statement. Accordingly, the state court's decision is not contrary to, or an unreasonable application of, *Edwards.*

With respect to the certificate of appealability and Magistrate Judge Merz's statement that Petitioner had not articulated any basis for his belief that reasonable jurists could reach a different conclusion, Petitioner explains that his previous objection was based on the entirety of his arguments. For all of the reasons previously explained, the Court overrules this Objection. The "entirety of his arguments" do not warrant a certificate of appealability.

For the reasons set forth above, the Court ADOPTS IN PART and REJECTS IN PART United States Magistrate Judge Michael R. Merz's Report and Recommendations, Doc. #4, Supplemental Report and Recommendations, Doc. #8, and Second Supplemental Report and Recommendations, Doc. #12. The Court SUSTAINS IN PART and OVERRULES IN PART Petitioner's Objections thereto,

Docs. ##5, 10, 13. The Court agrees with Magistrate Judge Merz that the Petition for Writ of Habeas Corpus does not survive the initial review under Rule 4 of the Rules Governing § 2254 Proceedings.

**B.**

Petitioner also objects to Magistrate Judge Merz's April 22, 2019, Notation Order denying his Motion Requesting that the Court Order Respondent to Answer the Petition, Doc. #14. In his Objections, Doc. #16, he incorporates by reference his previous Objections to the Reports and Recommendations, which have been resolved above. Given the Court's finding that the Petition does not survive the initial Rule 4 review, the Court OVERRULES this Objection also.

**C.**

For the reasons set forth above, the Court DISMISSES the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #3, WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 5, 2019

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE